IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.

DAVID SHAW,

           Plaintiff,

and

FIT FOR LIFE, N.A., LLC, and FIT FOR LIFE, LLC,

           Defendants.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

    Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Fit for Life, N.A., LLC and Fit for Life, LLC (collectively "Fit for Life") removes this action from the Boulder County District Court (Case No. 2022CV30449) to the United States District Court for the District of Colorado on the grounds that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Fit for Life states as follows:

### I.    BACKGROUND

    1.    Plaintiff initiated this action by filing his Complaint in the Boulder County District Court (Case No. 2022CV30449) on July 5, 2022. True and correct copies of the summons and Complaint, returns of service, and relevant papers filed in the State Court action are being submitted with this Notice, as required per 28 U.S.C. § 1446(a), D.C.COLO.LCivR 81.1, and electronic case filing procedures.

2. Plaintiff served his summons and Complaint on Fit for Life on July 25, 2022. *See* **Exhibit A - Complaint**, **Exhibit B - Cover Sheet**, and **Exhibit C - Summons.** The Complaint sets forth claims of strict products liability – failure to warn, and negligence – failure to warn as to Plaintiff David Shaw against Fit for Life.

3. According to Plaintiff's Complaint, Plaintiff David Shaw was injured on August 18, 2020, when he was using an exercise band manufactured and sold by Fit for Life. Plaintiff states that the exercise band slipped from its position over a door and hit Plaintiff in the eye, causing injury. *See* Complaint at ¶ 11, 17, & 18.

4. Plaintiff is a resident of the State of Kansas. Fit for Life is a Delaware corporation, with its principal place of business in the State of Colorado.

5. Plaintiff David Shaw claims entitlement to monetary damages which include economic damages such as past and future medical expenses, non-economic damages in the form of past and future anxiety, stress, physical and emotional pain and suffering, and loss of enjoyment of life, and statutory interest, among others. Complaint at ¶ 30-35, 44-49.

6. While Plaintiff's Complaint does not state a specific amount of damages for the above referenced categories of loss, the District Court Civil Cover Sheet filed with the Complaint asserts that Plaintiff is seeking monetary damages in excess of $100,000.00 against Fit for Life, exclusive of attorneys' fees, interest, and costs. *See* **Exhibit B**, Civil Cover Sheet to Complaint at ¶ 2.

## II.     GROUNDS FOR REMOVAL

### A.  TIMELINESS OF REMOVAL

7.      This Notice of Removal has been filed within 30 days after Fit for Life was served with the Complaint on July 25, 2022. *See* **Exhibit C**, Returns of Service. Removal of this action is therefore timely under 28 U.S.C. § 1446(b). *See generally Murphy Bros, Inv. V. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999) ("period for removal will be no less than 30 days from service").

8.      Plaintiff's Complaint asserts claims over which this Court has original jurisdiction. Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, the action filed in the Boulder County District Court may be removed because it arises out of a dispute between citizens and corporations based in different states, with complete diversity between all Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs. *See* **Exhibit B**, Civil Cover Sheet to Complaint at ¶ 2.

**B. COMPLETE DIVERSITY**

9.      The notice of claim need only plausibly allege and set forth facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges diversity or the Court questions it. *Id.*; *accord. Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

10.     Plaintiff is a resident of the State of Kansas. Complaint at ¶ 1.

11.     Defendant Fit for Life is a Delaware corporation with its principal place of business located in Boulder, Colorado. Complaint at ¶ 2-3. For diversity purposes, Fit for Life is therefore a citizen of the State of Colorado. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (stating that "[f]or diversity, a corporation is a citizen of its state of incorporation and the state where its principal place

of business is located"). Further, no members of Fit For Life are residents of the State of Kansas.

## C. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 EXCLUSIVE OF ATTORNEYS' FEES, COSTS, AND INTEREST

12. Per 28 U.S.C. §§ 1332(a) and 1446(c)(2), the removing party must show that the amount in controversy exceeds the minimum of $75,000.00, exclusive of interest and costs. A "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee,* 574 U.S. at 89.

13. It is only where there "it is 'legally certain' that the recovery... will be less than [$75,000.00]" that a case may be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (*citing to Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

14. While Plaintiff's Complaint does not directly state the damages he seeks to recover, the Civil Cover Sheet, which is required to be filed with any initial complaint, makes clear that the damages sought are in excess of $100,000.00. *See* **Exhibit B**, Civil Cover Sheet to Complaint at ¶ 2. Indeed, this section of the Civil Cover Sheet provides that Plaintiff is "seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification: By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000." *Id.*

4

15. Based on this certification made by Plaintiff's counsel under C.R.C.P. 11, the amount in controversy exceeds $75,000.00, exclusive of attorney fees, interests, and costs. *Id*.

### D. VENUE

16. Venue is proper in the District of Colorado under 28 U.S.C. §§ 1391(b)(1) and 1441(a) as Defendant Fit for Life is a resident of Colorado.

### E. CONSENT TO REMOVAL

17. Both defendants in this case, Fit for Life, N.A., LLC, and Fit for Life, LLC, consent to the removal.

### F. NOTICE OF REMOVAL

18. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice of Removal with the clerk of court for the action in state district court effects the removal of that action. A copy of the filing of this Notice of Removal is being submitted contemporaneously in the state court action.

WHEREFORE, Defendants Fit for Life, N.A., LLC and Fit for Life, LLC, remove this action to the United States District Court for the District of Colorado.

Respectfully submitted this 24th day of July, 2022.

                    COOMBE CURRY RICH & JARVIS

                    By: *s/ Jill A. Curry-Jahn*
                    Jill A. Curry-Jahn, #36371
                    Megan Rettig, #53459
                    Coombe Curry Rich & Jarvis
                    2000 S. Colorado Blvd.
                    Tower II, Suite 1050
                    Denver, CO 80264
                    Telephone: (303) 572-4200
                    Email: curry@ccrjlaw.com

        Email: rettig@ccrjlaw.com

*Attorneys for Defendants Fit for Life, N.A., LLC, and Fit for Life, LLC.*

## CERTIFICATE OF SERVICE (CM/ECF)

        I hereby certify that on August 24, 2022, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system with notification of the filing to all parties.

        *s/Briana Croft*