| | |
|---|---|
| Boulder County District Court<br>State of Colorado<br><br>Court Address:<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: July 5, 2022 4:11 PM<br>FILING ID: A94DB20332753<br>CASE NUMBER: 2022CV30449 |
| **Plaintiff: Daniel Shaw**<br><br>v.<br><br>**Defendants: Fit for Life, N.A., L.L.C., Fit for Life, L.L.C.** | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff:*<br>Robin E. Scully, # 38843<br>Mintz Law Firm, LLC<br>605 Parfet Street, Suite 102<br>Lakewood, Colorado 80215<br>Phone Number: 303-462-2999<br>Fax Number: 303-233-8999<br>Email: res@4injury.net | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, Daniel Shaw, by and through his undersigned counsel, Mintz Law Firm and Robin E. Scully, submits his Complaint and Jury Demand against Defendants, Fit For Life, N.A., L.L.C., and Fit for Life, L.L.C.:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Daniel Shaw is and was at all times relevant to this action a resident of Kansas, with a residential address of 2600 West 47th Ave., Apt. 203, Kansas City, KS 66103.

2. At all times relevant hereto, Defendant Fit for Life NA, LLC ("Fit NA"), was a Colorado limited liability company, licensed and registered to do business in the State of Colorado, and may be served with process by serving its registered agent, Lee Anchin, at 833 W. South Boulder Road, Bldg. G.

3. At all times relevant hereto, Defendant Fit for Life, LLC ("Fit") was a Delaware limited liability company, licensed and registered to do business in the State of Colorado, and may be served with process by serving its its registered agent, Lee Anchin, at 833 W. South Boulder Road, Bldg. G.

4. Jurisdiction and is proper in the Courts of Colorado, as: Defendants are registered to conduct business within the State of Colorado; one of the Defendants is a company formed under the laws of Colorado; Defendants transact business in Colorado; Defendants committed tortious acts in Colorado; and Defendants make contracts, own, use and possess real estate in the State of Colorado. Defendants are subject to the general jurisdiction of this Court in that they have substantial, continuous and systematic contacts with the State of Colorado, regularly sell their products and services in Colorado, maintain business relationships with businesses in Colorado; have agents in Colorado and regularly advertise their products and services in Colorado. Defendants are, therefore, subject to the jurisdiction of this Court and legally responsible for any judgment entered against them by a Colorado Court.  C.R.S. § 13-1-124(1)(b).

5. Venue is proper in this Court, as both Defendants may be served with process via their registered agents in Boulder County. C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

6. Plaintiff incorporates all prior paragraphs as if more fully set forth herein.

7. Defendants own a brand of exercise and fitness equipment called SPRI.

8. The SPRI brand includes rubber resistance tubes for home exercise and fitness (see image below).



9. Defendants design, manufacture, and sell SPRI rubber resistance tubes to individual consumers through retail stores like Wal-Mart.

10. In 2020, Plaintiff purchased a SPRI rubber resistance tube from a Wal-Mart store in Roeland Park, Kansas.

11. On August 18, 2020, Plaintiff used the SPRI rubber resistance tube at his home in Kansas City, Kansas.

12. Plaintiff placed the SPRI rubber resistance band over a door to exercise the triceps muscles in his arms.

13. Plaintiff used the SPRI rubber resistance band in accordance with the limited instructions provided in Defendants' packaging materials.

14. Defendants' packaging materials did not contain any warning that the SPRI rubber resistance band should not be used over a door.

15. Defendants' packaging materials did not contain any warning that additional devices were needed in order to safely use the SPRI rubber resistance band over a door.

16. Unknown to Plaintiff, Defendants sold a separate SPRI door attachment for secure use of their rubber resistance bands on doors.

17. While Plaintiff used the SPRI rubber resistance band, it slipped off the top of the door and struck Plaintiff in both eyes with great force.

18. Plaintiff sustained permanent injury and damage to both of his eyes.

## COUNT I
**(Strict Product Liability – Failure to Warn)**

19. Plaintiff incorporates all prior paragraphs as if more fully set forth herein.

20. Defendants are manufacturers as defined by C.R.S. §13-21-401 in that they designed, assembled, fabricated, produced, constructed, or otherwise prepared the SPRI rubber resistance band for sale to Plaintiff.

21. Defendants were engaged in the business of selling products like the SPRI rubber resistance bands for use or consumption by people like Plaintiff.

22. Defendants sold the SPRI rubber resistance band used by Plaintiff.

23. Defendants' SPRI rubber resistance band was defective because it had inadequate warnings concerning its use with doors.

24. Prior to Plaintiff's injuries, Defendants knew or should have known of the danger or hazard to consumers when using SPRI rubber resistance bands over the top of doors without a device to secure the bands to the door.

25. Because of the defect, Defendants' SPRI rubber resistance band was unreasonably dangerous to people like Plaintiff who might reasonably be expected to use, consume, or be affected by the rubber resistance bands.

26. The SPRI rubber resistance band without adequate warnings was defective at the time it was sold by Defendants or left its control in light of the likelihood of injury and seriousness of harm when used as Plaintiff did.

27. The SPRI rubber resistance band was expected to reach Plaintiff from Defendants without substantial change in the condition in which it was sold.

28. Defendants' SPRI rubber resistance band reached Plaintiff without substantial change in the condition in which it was sold.

29. Plaintiff used Defendants' SPRI rubber resistance band in a reasonably foreseeable manner.

## PLAINTIFF'S DAMAGES

30. As a direct and proximate result of the inadequate warnings defect, as more fully set forth above, Plaintiff suffered severe, painful and permanent injuries to his eyes.

31. As a direct and proximate result of the inadequate warnings defect, as more fully set forth above, Plaintiff has been caused to experience great physical pain, physical impairment, and mental anguish in the past and future.

32. As a direct and proximate result of the inadequate warnings defect, as more fully set forth above, Plaintiff has been caused past and future restrictions to his physical activity which affected his enjoyment of life.

33. As a direct and proximate result of the inadequate warnings defect, as set forth more fully above, Plaintiff has incurred past costs for medical treatment and will incur medical costs into the future.

34. As a direct and proximate result of the inadequate warnings defect, as set forth more fully above, Plaintiff has undergone past medical treatment and will undergo future medical treatment.

35. As a direct and proximate result of the inadequate warnings defect, as set forth more fully above, Plaintiff has been unable to perform household tasks both in the past and the future.

## COUNT II
### (Negligence – Failure to Warn)

36. Plaintiff incorporates all prior paragraphs as if more fully set forth herein.

37. Defendants are manufacturers as defined by C.R.S. §13-21-401 in that they designed, assembled, fabricated, produced, constructed, or otherwise prepared the SPRI rubber resistance band for sale to Plaintiff.

38. Defendants owed Plaintiff a duty of reasonable care to warn Plaintiff and other like individuals from foreseeable risks of injury posed by using its SPRI rubber resistance band over a door.

39. Defendants owed Plaintiff a duty to appropriately label its SPRI rubber resistance bands giving due consideration to the likelihood of accident and the seriousness of consequences from a failure to warn.

40. Prior to Plaintiff's injuries, Defendants had actual or constructive knowledge of the danger or hazard to consumers when using SPRI rubber resistance bands over the top of doors without a device to secure the bands to the door.

41. It was foreseeable and reasonably expected by Defendants that consumers like Plaintiff would use their SPRI rubber resistance bands over the top of doors to perform exercises.

42. Defendants failed to exercise reasonable care to prevent injuries to Plaintiff and other like individuals by not warning them of the danger or hazard to consumers when using SPRI rubber resistance bands over the top of doors without a device to secure the bands to the door.

43. Defendants failed to use reasonable care in the following respects:

   a. Failing to warn consumers of the danger or hazard in using SPRI rubber resistance bands over the top of doors;
   b. Failing to warn consumers not to use SPRI rubber resistance bands over the top of doors;
   c. Failing to warn consumers not to use SPRI rubber resistance bands over the top of doors without a door attachment device;
   d. Failing to warn consumers not to use SPRI rubber resistance bands over the top of doors in the manner used by Plaintiff;
   e. Failing to warn consumers that a door attachment compatible with SPRI rubber resistance bands was available and recommended for use with doors;
   f. Failing to provide consumers with adequate and correct instructions on how to safely use SPRI rubber resistance bands;
   g. Failing to warn of the dangerous propensity of the SPRI rubber resistance band to slip off the top of a door and strike consumers in the head and face; and
   h. All other acts of negligence and fault to be determined during discovery.

## PLAINTIFF'S DAMAGES

44. As a direct and proximate result of the carelessness and negligence of Defendants, as more fully set forth above, Plaintiff suffered severe, painful and permanent injuries to his eyes.

45. As a direct and proximate result of the carelessness and negligence of Defendants, as more fully set forth above, Plaintiff has been caused to experience great physical pain, physical impairment, and mental anguish in the past and future.

46. As a direct and proximate result of the carelessness and negligence of Defendants, as more fully set forth above, Plaintiff has been caused past and future restrictions to his physical activity which affected his enjoyment of life.

47. As a direct and proximate result of the negligence and carelessness of Defendants, as set forth more fully above, Plaintiff has incurred past costs for medical treatment and will incur medical costs into the future.

48. As a direct and proximate result of the negligence and carelessness of Defendants, as set forth more fully above, Plaintiff has undergone past medical treatment and will undergo future medical treatment.

49. As a direct and proximate result of the negligence and carelessness of Defendants, as set forth more fully above, Plaintiff has been unable to perform household tasks both in the past and the future.

Wherefore, Plaintiff requests that this Court enter an Order of Judgment against the Defendants, jointly, for Plaintiff's damages and losses as specified above, and for such other and further relief that this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF SIX**

Respectfully submitted this 5th day of July 2022.

**MINTZ LAW FIRM, LLC**

*Electronically Filed – Duly signed original signature is available at the offices of Mintz Law Firm, LLC*

By: /s/ Robin E. Scully
Robin E. Scully, Esq. (#38843)
Attorney for Plaintiff

Plaintiff's Mailing Address
2600 West 47th Ave., Apt. 203
Kansas City, KS 66103